# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOYLE RAY HAM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 16-1720 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Doyle Ray Ham, Jr., proceeding *pro se*, challenges his 2015 non-selection for a position as a police officer with the Metropolitan Police Department ("MPD") in Washington, D.C. Ham asserts that the MPD's decision not to hire him was the product of both racial discrimination and unlawful retaliation for protected activity he took after the MPD rejected his previous employment application in 2007. In addition, Ham "asks th[e] [C]ourt to reopen case No. 13-[cv]-01527"—a Title VII action Ham brought against the District of Columbia in 2013 challenging his 2007 non-selection. Dkt. 1 at 3 (Compl. ¶ 14). According to Ham, the Court should reopen that case and permit him to renew his challenge to his 2007 non-selection because the 2013 case "is connected to this case" and because he was allegedly "denied due process in" the 2013 case. *Id.* The District, in turn, has moved to dismiss Ham's complaint to the extent it challenges his 2007 non-selection on the ground that that challenge was previously rejected by the Court for failure to timely exhaust administrative remedies and is now "barred by the doctrine of *res judicata*." Dkt. 8 at 1.

For the reasons explained below, the Court agrees that Ham may not relitigate his 2007 non-selection claims and will, accordingly, grant the District's motion to dismiss that portion of his complaint.

## I. BACKGROUND

For purposes of the pending motion to dismiss, the following facts, which are taken from Ham's complaint and the documents attached to it, are accepted as true. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011); *see also EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice.").

Over a decade ago, Ham applied for a position as an officer with the MPD, but his application was rejected on the ground that he had been arrested (although not convicted) for assault in 1984.[1] *See* Dkt. 1-1 at 8, 50, 54. After a series of unsuccessful internal appeals challenging his non-selection, Ham filed a complaint with the EEOC in January of 2010, *id.* at 2–5, and then a Title VII action in this Court in 2013, *see Ham v. Metro. Police Dep't*, 13-cv-1527 (ESH), Dkt. 1 at 1.[2] This Court (Huvelle, J.) concluded that Ham's "Title VII claim fail[ed] for failure to [timely] exhaust [his] administrative remedies," granted summary judgment

---

[1] It is difficult to determine when Ham first applied for a position with the MPD—he refers to an application filed as early as 2002, *see* Dkt. 10 at 13, 21—but the record reflects that the non-selection which led to Ham's first Title VII complaint was ultimately made in 2007, *see* Dkt. 1-1 at 54 (letter from the MPD Office of Human Resource Management describing the "December 21, 2007, decision of Capt. Ricky Mitchell . . . which denied [Ham's] application for the position of police office with the [MPD]").

[2] Although Ham first named the MPD as a defendant in his 2013 complaint, the Court "substituted the District of Columbia" as the proper defendant. *See Ham v. Metro. Police Dep't*, 2014 WL 98641, at *1 (D.D.C. Jan. 10, 2014).

2

in favor of the District, and dismissed the case. *Ham*, 2014 WL 98641, at *1; *see also Ham*, 13-cv-1527 (ESH), Dkt. 12 at 1. Ham appealed, and the Court of Appeals affirmed, holding that the district court "properly determined that [Ham's] [EEOC] complaint was filed outside . . . the limitations period." *Ham v. Metro. Police Dep't*, No. 14-7032, 2014 WL 4628886, at *1 (D.C. Cir. Aug. 5, 2014). The Supreme Court denied Ham's petition for a writ of certiorari. *See Ham v. Metro. Police Dep't*, 135 S. Ct. 729 (2014).

While pursuing his administrative appeals with the MPD, Ham successfully moved in D.C. Superior Court to seal any publicly available records related to his 1984 assault arrest. *See* Dkt. 1-1 at 8–11. Armed with that sealing order, Ham again began the application process to join the MPD in 2015. Dkt. 1 at 2 (Compl. ¶ 3). Despite passing his written test and receiving an invitation from the MPD to schedule a physical evaluation and a polygraph examination, *id.* (Compl. ¶¶ 6–7, 9), Ham received an email from the MPD on August 17, 2015, informing him that, "[b]ased upon information obtained during" a background check, the MPD had "determined that [he was] ineligible for the [police officer] position due to criminal activity," Dkt. 1-1 at 39. Ham filed an administrative appeal of that decision, and on September 18, 2015, he received a "[f]inal" decision from the MPD "determin[ing] that [he] remain[ed] not best qualified for the position." *Id.* at 41. Ham filed an EEOC complaint on May 27, 2016, asserting that the MPD "unfairly denied [his] application" because he was not convicted of the assault change it cited to justify his non-selection, and because the MPD "has hired other races with convictions on [their] record[s]." *Id.* at 45. The EEOC dismissed his complaint on June 10, 2016, *id.* at 1, and Ham commenced this action on August 24, 2016, Dkt. 1.

3

## II. ANALYSIS

Ham's complaint, liberally construed, challenges his 2015 non-selection and also seeks to reopen his earlier case challenging his 2007 non-selection. The present motion does not seek dismissal of Ham's complaint to the extent it challenges his 2015 non-selection. It does, however, seek dismissal of the complaint to the extent it seeks to reopen the 2013 litigation. In particular, the District argues that Ham's "attempt to relitigate" the Court's earlier ruling is "preclude[d]" by the doctrine of *res judicata*. Dkt. 8 at 5–6. As explained below, the Court agrees.

The doctrine of *res judicata* "protect[s] against the expense and vexation attending multiple lawsuits" by "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted) (second alteration in original). More specifically, "[u]nder the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim." *Id.* (internal quotation marks omitted). A "subsequent lawsuit" is thus precluded "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

Each of these conditions is satisfied here. First, Ham admits on the face of his complaint that the claims he asserts regarding his 2007 non-selection are "exactly identical in nature" to those he raised in "case No. 13-[cv]-1527"—that is, the case in which the Court held that Ham failed to timely exhaust administrative remedies relating to his challenges to the MPD's 2007 decision not to hire him. Dkt. 1 at 1 (Compl. ¶ 1). Second, the parties in both suits are the same—Ham and the District. Third, the Court entered a final judgment dismissing his case in

2014.  *See Ham*, 13-cv-1527 (ESH), Dkt. 12 at 1.  And, finally, there is no doubt that the Court was a court of "competent jurisdiction" to consider Ham's 2013 case.

Ham contests only one prong of the *res judicata* test, asserting that "there was never a valid judgment on [the] merits" because, "without valid clarity[,] [he] was denied fair due process" by the Court's prior decision.  Dkt. 10 at 2.  Although Ham's argument is difficult to parse, it appears that he simply disagrees with the Court's exhaustion holding and contends that the time to file his complaint with the EEOC did not start to run until a later date than the date relied upon by the Court.  *See id.*  But preventing this type of relitigation of previously adjudicated claims is precisely the purpose of the claim preclusion doctrine.  Ham had a full and fair opportunity to litigate his 2007 non-selection claims before the Court in 2013, and after those efforts proved unsuccessful, he was afforded opportunities to challenge the Court's decision by appealing to the Court of Appeals and seeking review before the Supreme Court.  Those efforts, too, proved unsuccessful.  For good reason, unsuccessful litigants are not allowed a do-over; once they have litigated a claim to final judgment before a court of competent jurisdiction, the claim is resolved and that is the end of the matter.

Accordingly, the Court will grant the District's motion to dismiss Ham's complaint to the extent it challenges his 2007 non-selection.

## CONCLUSION

Defendant's motion to dismiss the complaint in part, Dkt. 8, is **GRANTED**. The District shall answer the remaining portions of Ham's complaint on or before May 15, 2017.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 1, 2017